IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREGORY PAUL CARR                                                   PLAINTIFF

v.                                                    No. 4:16CV88-MPM-DAS

OFFICER LLOYD HOOVER
CHIEF FREDDIE CANNON
MAYOR JOHN COX                                           DEFENDANTS

**ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

This matter comes before the court on the *pro se* prisoner complaint of Gregory Paul Carr, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that he was falsely arrested for a crime he did not commit – and for which the charges were later dismissed. The plaintiff has moved for summary judgment; the defendants have not responded, and the matter is ripe for resolution. For the reasons set forth below, the instant motion for summary judgment will be denied.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Factual Allegations**

The plaintiff claims that in Greenville, Mississippi, on July 31, 2014, an unknown female allegedly called 911 dispatch, said, "I need a policeman," then hung up. While the 911 operator tried to call back, Officer Lloyd Hoover was dispatched to the 400 block of Sunflower Lane. When he arrived at the scene, he said he could hear a female crying inside, and someone locked the door. When he first knocked on the door, no one would answer, but the door opened after several minutes. Officer Hoover entered the house and ordered the two males and four females to the ground until he could assess the situation. He saw Gregory Paul Carr among those in the house, looked into Carr's 2001 Chevrolet pickup, and saw 7 boxes of the newer version of Sudafed (that cannot be used to manufacture crystal methamphetamine). When Hoover questioned Mr. Carr about the Sudafed, he claims that Carr began yelling and cursing at him. Hoover also said he smelled alcohol on Mr. Carr's breath.[1] Hoover then arrested Carr for possession of a controlled substance, the Sudafed. An inventory search prior to towing revealed "what appeared to be stolen items" in the front and back of the truck. Carr expressed his doubt at the *Spears* hearing that the items "appeared to be stolen," noting that the origin of the items could not be determined until later.

At the time of his arrest, Mr. Carr was out on bond arising out of charges of possession of a firearm by a convicted felon and aggravated assault. Upon return to the Police Department, Carr's vehicle and property were "put on hold" by investigator O'Neil. When the dispatcher at the police station told Officer Hoover that Sudafed was not a controlled substance, he charged Carr, instead, with public drunkenness and creating a disturbance – both misdemeanors. The next day, August 1, 2014,

---

[1] At his *Spears* hearing, Mr. Carr denied that he shouted and that he had been drinking.

Carr was charged with two counts of burglary of an automobile, for which he was later convicted. Carr was then held without bail in the Washington County Regional Correctional Facility until July 8, 2015, when all three of the pending charges – possession of a controlled substance, public drunkenness, and causing a disturbance – were dismissed. During his stay in jail, he lost his job, his income, his truck, and its contents (tools, power tools, jewelry, and clothes). He pled guilty on December 30, 2015, to the charges of aggravated assault and burglary of an automobile, and he received credit towards his sentence for the time he served in jail awaiting disposition of the case.

## Probable Cause

In the instant summary judgment motion, the plaintiff stated that he had attached various documents in support of the motion. He did not, however, attach any documents to either the motion or the brief in support of it, though some of the documents appear elsewhere in the record. In any event, Mr. Carr has not presented proof sufficient to sustain his motion for summary judgment. The gravamen of Mr. Carr's case is that Officer Hoover arrested him *without probable cause*. Want of probable cause is an element of false arrest and malicious prosecution.[2] The tort of false imprisonment has but two elements: "detention of the plaintiff and the unlawfulness of such detention …." *Thornhill v. Wilson*, 504 So. 2d 1205, 1208 (Miss. 1987). In this case, the unlawfulness alleged is that Officer Hoover did not have probable cause to detain Mr. Carr.

The proof Mr. Carr has presented does not, however, establish that Officer Hoover acted without probable cause. Probable cause to arrest exists when, at the time of arrest, the facts and circumstances within the knowledge of the arresting officer are sufficient to cause a police officer of

---

[2] Though malicious prosecution is a tort under state law, it is not a valid claim under 42 U.S.C. § 1983. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

reasonable caution to believe an offense has been or is being committed.[3] *See Duckett v. Cedar Park,* 950 F.2d 272, 278 (5th Cir.1992) (citing *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995)). The probable cause requirement does not require any showing that such a belief is correct or more likely true than false. *Baker v. McCollan*, 443 U.S. 137, 144, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). A sheriff executing an arrest warrant is not required by the Constitution to independently investigate every claim of innocence. *Id.* "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released." *Baker*, 443 U.S. at 145. A person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause is not entitled to a separate judicial determination that probable cause exists to detain him prior to trial. *Id.* at 144.

On summary judgment review, the court must consider the facts in the light most favorable to the non-moving party, the defendant in this case. Officer Hoover was dispatched to the residence based on the 911 call of an unknown woman who said only, "I need a policeman," then hung up. Upon arriving at the residence, Officer Hoover told the occupants to get on the ground, a measure to ensure officer safety. As set forth above, a determination of probable cause depends heavily on the facts and circumstances within the knowledge of the arresting officer at the time of the arrest. Without Officer Hoover's testimony, the court cannot determine the facts and circumstances within his knowledge. Some of the facts within his knowledge may be gleaned from the documents in the record, but there is no proof that those facts were the only ones he knew at the time. As such, the court

---

[3] Whether a court is determining probable cause to issue a warrant prior to arrest – or deciding whether probable cause exists to hold a defendant after a warrantless arrest – the standard is the same. *Baker v. McCollan*, 443 U.S. 137, 143, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).

cannot issue a ruling on whether Officer Hoover arrested Mr. Carr based upon probable cause. For this reason, the instant motion for summary judgment is **DENIED**.

**SO ORDERED**, this, the 13th day of April, 2018.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**